**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | |
|---|---|
| **APRIL GEORGE**, | : |
| Plaintiff, | : |
| v. | : Civil Action No. _____ |
| **MAZARI MOTORS, LLC** | : |
| Please Serve: R/A Myra Aziz<br>6722 Abberley Loop<br>Gainesville, VA 20155 | : |
| and | : |
| **MYRA AZIZ** | : |
| Please Serve: R/A Myra Aziz<br>6722 Abberley Loop<br>Gainesville, VA 20155 | : |
| Defendants. | : **TRIAL BY JURY DEMANDED** |

## COMPLAINT

**(Violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq.)**

COMES NOW, the Plaintiff, APRIL GEORGE ("**Ms. George**" or "**Plaintiff**"), by and through her undersigned counsel and moves this Honorable Court for judgment against the Defendants, Mazari Motors, LLC ("**MOTORS**") and Myra Aziz ("**Aziz**") (collectively "**Defendants**"), on the grounds and praying for the relief hereinafter set forth:

### Parties

1. Plaintiff, Ms. George, is a resident of the Commonwealth of Virginia, specifically residing in Prince William County, Virginia.

1

2. Defendant, MOTORS, is a limited liability company organized under the laws of the Commonwealth of Virginia with a principal place of business located in Prince William County, Virginia.

3. Upon information and belief, Defendant, Aziz, is an individual residing in the Commonwealth of Virginia.

4. Upon information and belief, Aziz is a member and manager of MOTORS and thus responsible for payroll.

## Jurisdiction and Venue

5. This action is brought by Plaintiff for damages on account of Defendants' violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq.

6. Jurisdiction is proper in this Court pursuant to 29 U.S.C. § 201, et seq.; 29 U.S.C. § 216, 28 U.S.C. § 1331, and 28 U.S.C. § 1337(a).

7. Defendant is an enterprise with employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person pursuant to 29 U.S.C. § 203.

8. Upon information and belief. Defendant has an annual dollar volume of $500,000 or more in sales made or business done pursuant to 29 U.S.C. § 203.

9. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because Defendant transacted business in this district and maintain a principle place of business in this district.

## Statement of Facts

10. Ms. George was formerly employed by MOTORS as a title clerk.

11. The day-to-day responsibilities and duties as a title clerk did not involve management of

the company.

12. During her employment, Ms. George worked from approximately 10:00 AM to 7:00 PM, Monday through Saturday.

13. MOTORS misclassified Ms. George as an overtime exempt employee, and failed to pay her time and a half for the overtime hours she worked.

14. MOTORS was aware that Ms. George was working overtime hours, and knowingly failed to pay her wages properly owed.

15. Ms. George resigned from employment on November 9, 2016.

## COUNT I
## Violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq.

16. Plaintiff hereby incorporates by reference and re-alleges each of the allegations contained in all preceding paragraphs of this Complaint.

17. Defendant is a private business that, upon information and belief, is engaged in interstate commerce and have sales volume greater than $500,000 per year. Accordingly, Defendant is covered by and must comply with the FLSA.

18. The FLSA mandates certain minimum standard of living requirements with regards to labor and employment.

19. Pursuant to 29 U.S.C. §§ 207(a)(1), 213(a)(1), employers are required to pay overtime compensation to employees who work more than forty hours per week, unless such individual is exempt as being "employed in a bona fide executive, administrative, or professional capacity."

20. Upon information and belief, Ms. George worked approximately fifty-one (51) hours per week. However, she was never paid any overtime during her employment.

21. Defendant's refusal to pay Ms. George was willful and in bad faith. Defendant should therefore also be required to compensate Ms. George in an amount equal to the lost regular and

overtime pay as liquidated damages. 29 U.S.C. § 216(b).

22. Additionally, the FLSA requires that the Defendants compensate the Plaintiff for her attorney fees and costs in bringing this case.

WHEREFORE, the premises considered, Plaintiff respectfully prays that this Honorable Court:

A. Enter judgment on her behalf against Defendant;

B. Award Plaintiff compensatory damages and punitive damages;

C. Award Plaintiff back pay for unpaid regular hours and unpaid overtime hours;

D. Award Plaintiff her court costs, expenses, attorneys' fees, prejudgment interest and post-judgement interest at the rate of 8% per annum, pursuant to VA Code § 40.1-29(G);

E. Award Plaintiff liquidated damages pursuant for Defendant's willful violation of the FLSA; and

F. Grant such other relief as this Court may consider just and proper.

## DEMAND FOR JURY TRIAL

In accordance with F.R.C.P. 38(b), Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

APRIL GEORGE,

 /s/ Zach Miller
Zach Miller (VSB No. 85860)
Dirk McClanahan (VSB No. 81208)
MCCLANAHAN POWERS, PLLC
8133 Leesburg Pike, Suite 130
Vienna, VA 22182
Telephone: (703) 520-1326

Facsimile: (703) 828-0205
Email: zmiller@mcplegal.com
      dmcclanahan@mcplegal.com
*Counsel for Plaintiff*